**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO.  09-02048 |
| | Chapter   7 |
| PMC MARKETING CORP | |
| | Adversary No. 12-00117 |
| **Debtor(s)** | |
| NOREEN WISCOVITCH RENTAS | |
| **Plaintiff** | |
| vs. | |
| AIG LIFE DE PR | |
| | **FILED & ENTERED ON 09/19/2013** |
| **Defendant(s)** | |

**OPINION & ORDER**

Before this court is Defendant's Motion for Summary Judgment Dismissing the Complaint

[Dkt. No. 34] and Motion Requesting Entry of Order [Dkt. No. 40]; and Trustee's Opposition to the

Motion Requesting Summary Judgment [Dkt. No. 42]. For the reasons set forth below, the

Defendant's Motion for Summary Judgment is DENIED.

Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code on March 18,

2009. On May 19, 2010, Debtor's chapter 11 case was converted to a chapter 7 case. On May 20,

2010, Plaintiff Noreen WiscovitchRentas ("Trustee") was appointed as the chapter 7 interim trustee.

On March 2, 2012, Trustee filed the captioned Complaint seeking the return to the Debtor's estate of

transfers incurred by the Debtor as payment for Debtor's president's life insurance which formed part

of his benefits. These expenses consisted of three payments of $2,646.50 each, totaling $7,939.50 in favor of AIG. In response to a request for discovery requested by Defendant, evidence of the payments consisted of three bank statements listing three transfers in the amount of $2,646.50 made to Defendant. The dates of these transfers were January 7, 2009, February 19, 2009, and March 6, 2009. On May 31, 2013, Defendant filed a Motion Requesting Summary Judgment, arguing that Trustee's avoidance action was time barred and that the evidentiary requirements for a Section 547(b) Complaint had not been met. Trustee filed an Opposition to the Motion for Summary Judgment, asserting that summary judgment could not be entered as there were trial-worthy issues of fact.

In its Motion, Defendant asserts that the Complaint filed on March 2, 2012 for avoidance of preferential transfers is time barred and summary judgment must be granted, dismissing the Complaint. Their argument is two-fold. First, Defendant argues that the Trustee filed the Complaint pursuant to 11 U.S.C. § 547 of the Bankruptcy Code after the permitted two year time frame established in 11 U.S.C. § 546(a)(1)(A). The order for relief was filed in this Court on March 18, 2009, and the Complaint for avoidance was presented on March 2, 2012. Therefore, Defendant argues that the Complaint is time barred under section 546(a)(1)(A). Also, it claims that the Trustee was appointed on May 21, 2010; 1 year, 9 months and 11 days after the Complaint was filed. Therefore, AIG concludes that the Complaint is time barred under section 546(a)(1)(B) also.

Defendant's second argument is that Trustee has not produced evidence in the Complaint regarding the elements required for a Section 547(b) claim other than stating in a conclusory fashion that the Complaint indeed meets the evidentiary requirements.

2

In her rebuttal, Trustee argues that Defendant's Motion for Summary Judgment does not meet the criteria established under Fed.R.Civ.P. 56(c) for granting of summary judgment with respects to its second argument because it has not shown evidence or alleged a statement of fact to support it. As to Defendant's first argument, Trustee states that she has presented evidence that shows the existence of at least one trial-worthy issue of fact, precluding the entering of a summary judgment.

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Under Fed.R.Civ.P. 56(c), made applicable in bankruptcy by Fed.R.Bankr.P., Rule 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya &Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5.Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in a light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004).Therefore, summary judgment is "inappropriate if

inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality," that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the nonmovant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991).These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). But, the evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id. See also Horta v. Sullivan, 4 F.3d 2, 7-8(1st Cir. 1993) (the materials attached to the motion for summary judgment must be admissible and usable at trial.) "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

In the summary judgment motion presently before the court, Defendant argues that Plaintiff has not presented evidence that the transfer of funds was made to Defendant for an antecedent debt owed by Debtor or that Defendant was in fact a vendor of the Debtor's, that Debtor was insolvent at the time the transfer was made, or that the transfer enabled Defendant to receive more than it would have received as a creditor if: (a) the case had been under chapter 7, (b) the transfer would not have been made, and (c) Defendant would have received payment to the extent provided by the

Bankruptcy Code. Regarding avoidance of transfers, Section 547 operates on a legal presumption that Debtor was insolvent in the 90 days prior to the order for relief. In order to defeat this presumption, an opposing party must provide evidence in the contrary. Defendant has not met this requirement. In her rebuttal, Trustee shows via sworn statement that Defendant has indeed received more than it would under Chapter 7 liquidation and shows bank statements to evidence the existence of the debt. Herein lays the trial-worthy issues of fact that preclude the Defendant from seeking relief via summary judgment. These are contested material facts that mandate an evidentiary hearing.

With regards to the Defendant's argument as to the Plaintiff's avoidance action being time-barred, this Court granted the Trustee several extensions of time to file avoidance actions. See Dkt. No's 978, 980,984, 985,995, 996, 1004, 1005, 1011, and 1012 of legal case 09-02048 (BKT). These extensions gave Trustee additional periods of time to file avoidance actions and the filing date of the captioned adversary proceeding fell within the last extension. Therefore, Defendant's time-bar argument is without merit.

WHEREFORE, IT IS ORDER that the motion requesting summary judgment shall be, and hereby is, DENIED. Clerk to schedule a pre trial hearing.

SO ORDERED

San Juan, Puerto Rico, this 19th day of September, 2013.

Brian K. Tester
U.S. Bankruptcy Judge

5