**IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | **CASE NO. 09-02048** |
| | **Chapter 7** |
| PMC MARKETING CORP | |
| | **Adversary No. 12-00117** |
| Debtor(s) | |
| NOREEN WISCOVITCH RENTAS | |
| Plaintiff | |
| vs. | |
| AIG LIFE DE PR | |
| | FILED & ENTERED ON 10/22/2013 |
| Defendant(s) | |

**OPINION AND ORDER**

Before this Court is Defendant's Motion for Reconsideration [Dkt. No. 48] of the Opinion and Order ("Opinion") issued on September 19, 2013 [Dkt. No. 45], and the ensuing Motions filed by both parties. Defendant moves the court to reconsider the Opinion because the Plaintiff failed to oppose the motion for summary judgment with definite, competent evidence as required by Celotex Corp. v Catrett, 477 U.S. 317 (1986), and because the complaint is time barred.

In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir.2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st

1

Cir.2004)). The First Circuit in <u>Marie</u> also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration under Fed.R.Civ.P. 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and, (4) an intervening change in controlling law. 402 F.3d at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed.1995)). Under Rule 59, reconsideration of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment. The underlying policy of reconsideration is to provide a court with a means to correct its own errors. <u>White v. New Hampshire Dept. of Employment Sec.</u>, 455 U.S. 445, 450, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Rule 59(e) does not exist to allow parties a second chance to prevail on the merits. <u>Harley–Davidson Motor Co. v. Bank of New England–Old Colony, N.A.</u>, 897 F.2d 611, 616 (1 st Cir.1990). Indeed, Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court. <u>Id.</u> at 616.

In this instant Motion for Reconsideration, Defendant largely rehashes the arguments set forth in its original Motion for Summary Judgment [Dkt. No. 34], which were initially unconvincing to the court. However, Defendant does argue in its Reconsideration that this Court committed a manifest error of law when it ruled that Plaintiff had provided sufficient evidence in her Opposition to support her Complaint. Not only was the Plaintiff's Opposition filed late, but it was filed after the Defendant requested its Motion be deemed unopposed (Dkt. No. 40), thereby putting Plaintiff on notice that the period of time to oppose had expired. Furthermore, the Plaintiff's Opposition and Statement of Facts made reference to several supporting exhibits that were not attached or submitted. And lastly, Plaintiff filed an untimely Opposition to the Reconsideration once again only after the Defendant had

alerted her to the deadline by requesting that the Reconsideration be granted as unopposed (Dkt. No.'s 51 and 50, respectively). It is noteworthy that the Defendant has requested that Plaintiff's Opposition to its Reconsideration be stricken (Dkt. No. 52) and no reply or opposition has been filed thereto by the Plaintiff.

The relevant and applicable law requires the nonmoving party (in this case the Plaintiff) to demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the nonmovant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991).These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). But, the evidence offered by the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id. See also Horta v. Sullivan, 4 F.3d 2, 7-8(1st Cir. 1993) (the materials attached to the motion for summary judgment must be admissible and usable at trial.) "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

Because the Plaintiff's Opposition did not comply with the standards set forth above, it was an error for this Court to deny the Defendant's Motion for Summary Judgment. Notwithstanding that Plaintiff belatedly attempted to submit opposing arguments and evidence in her untimely Opposition to the Reconsideration, they should have been proposed in a timely manner in her original

Opposition to the Motion for Summary Judgment. This Court disagrees with the Plaintiff that failure to submit the supporting evidence with her Opposition to the Motion for Summary Judgment as required by the cited case law, is a harmless error. In fact, according to those very same cases, that error ends up being fatal.

Because this Court is reversing its previous Opinion and Order based upon Defendant's first argument, it appears to be redundant and unnecessary to address the "time-barred" argument.

WHEREFORE, IT IS ORDERED that Defendant's Motion Requesting Entry of Order to Strike Plaintiff's Opposition filed on 10/17/2013 [Dkt. No. 52] is GRANTED, and Defendant's Motion for Reconsideration shall be, and hereby is, GRANTED. Clerk to enter judgment in favor of Defendant and close the adversary. The pre trial conference scheduled for October 23, 2013 at 9:00 AM is vacated and set aside.

SO ORDERED

San Juan, Puerto Rico, this 22th day of October, 2013.

Brian K. Tester
U.S. Bankruptcy Judge

4